NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

_____
                                        :
John R. HICKERSON                       :
                                        :
        Plaintiff,                      :       Civil No. 08-1033(AET)
                                        :
              v.                        :       **OPINION**
                                        :
State of NEW JERSEY, et al.,            :
                                        :
        Defendants.                     :
_____:

THOMPSON, U.S.D.J.

        This matter has come before the Court upon Defendant State of New Jersey Department

of Environmental Protection Division of Fish and Wildlife's[1] Motion for Summary Judgment

[docket # 122].  The Court has decided this motion after taking into consideration the

submissions of all parties, without oral argument, pursuant to Fed. R. Civ. P. 78(b).  For the

reasons set forth below, Defendant's motion is granted.

        **I.      Background**

        The Court will not repeat the facts of the case here as they have been previously

addressed and are familiar to the parties.  Instead, the Court incorporates by reference the facts as

detailed in its previous Order [docket # 119], entered October 13, 2009.  On that date, the Court

granted Defendant's prior Motion for Summary Judgment [docket # 108] as to all claims except

Plaintiff's substantive due process claim.  Plaintiff alleges that Defendant has violated his liberty

_____

        [1]The Court will consider there to be only one Defendant as the New Jersey Attorney
General's office has moved on behalf of what appears to be one entity.  Plaintiff's Amended
Complaint names the State of New Jersey, Department of Environmental Protection, and
Division of Fish and Wildlife as three separate defendants.

right under the Fourteenth Amendment to be employed as an organic farmer by enacting laws and regulations which allow the use of lead shot for hunting.  Plaintiff alleges that the deposition of lead shot onto his property makes it impossible for him to meet federal standards for organic production.  Defendant now seeks summary judgment on this remaining claim.

### II.     Legal Standard

Summary judgment is appropriate if, on the record, "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  In deciding whether summary judgment should be granted, the Court considers the facts drawn from the "pleadings, the discovery and disclosure materials on file, and any affidavits" and must "view the inferences to be drawn from the underlying facts in the light most favorable to the party opposing the motion." Fed. R. Civ. P. 56(c); *Curley v. Klem*, 298 F.3d 271, 276-77 (3d Cir. 2002) (internal quotations omitted).  To survive a motion for summary judgment, there must be "sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).  The party that will bear the burden of proof at trial "must make a showing sufficient to establish the existence of an element essential to that party's case." *Celotex*, 477 U.S. at 322.  This requires more than the "mere existence of a scintilla of evidence" supporting the non-moving party.  *Anderson*, 477 U.S. at 252.

"The liberty to pursue a calling or occupation ... is secured by the Fourteenth Amendment." *Piecknick v. Pennsylvania,* 36 F.3d 1250, 1259 (3d Cir. 1994).  However, the liberty interest at issue is "not the right to a specific job." *Id.*  In addition, the right to pursue a particular type of employment is not a fundamental constitutional interest.  *Conn v. Gabbert*, 526

U.S. 286, 291-92 (1999) ("[T]he Fourteenth Amendment's Due Process Clause includes some generalized due process right to choose one's field of private employment, but [it is] a right which is nevertheless subject to reasonable government regulation"); *Edelstein v. Wilentz*, 812 F.2d 128, 132 (3d Cir. 1987).  Thus, laws restricting access to a specific type of private employment are subject only to rational basis review.  *United States v. Williams*, 124 F.3d 411, 422-23 (3d Cir. 1997).

 To survive summary judgment Plaintiff must provide some evidence that Defendant unreasonably interfered with Plaintiff's right to pursue his chosen occupation of organic farming or that the challenged regulations are not rationally related to a legitimate state interest.  *Latessa v. New Jersey Racing Com'n*, 113 F.3d 1313, 1318 (3d Cir. 1997); *Williams*, 124 F.3d at 423.

### III.    Analysis

Plaintiff has submitted no evidence supporting a finding that the laws or regulations to which he objects unreasonably interfered with his right to pursue the occupation of organic farming.  Plaintiff alleges that lead shot—the use of which is regulated by Defendant—which has been deposited on his land due to the activity of trespassers or hunters on adjacent property interferes with his ability to operate the property as an organic farm.  Plaintiff has submitted evidence of scattered lead shot on his property, but has not submitted any credible evidence that this has or will cause unacceptable levels of lead in his organic food products or noncompliance with standards for organic production.[2]  (Order 10-11 [docket # 119].)  In fact, the New Jersey

---

[2]Plaintiff has had watercress and tomatoes grown on his property tested for the presence of lead.  Plaintiff claims the results of these tests show elevated levels of lead allegedly caused by the deposited lead shot.  However, the documentation submitted by Plaintiff belies this claim, as the levels of lead in both the watercress and tomatoes was below the detectable limit.  (Pa-59 [docket # 123].)

Department of Agriculture reaffirmed his organic certification after his last inspection in December 2007.  (Pa-55 [docket # 123].)  The operation's current lack of organic certification is due to Plaintiff's voluntary withdrawal from the organic certification program, not from any finding of noncompliance with organic standards.  (Pa-56 [docket # 123].)

Further, Plaintiff has not submitted any evidence suggesting that the laws and regulations enacted by Defendant are not rationally related to a legitimate state purpose.  Defendant has a legitimate interest in allowing its citizen to hunt as a recreational activity.  The regulations in question, which allow the use of lead shot in limited circumstances, are rationally related to this legitimate state purpose.  The State of New Jersey has allowed hunting to occur in a regulated manner while protecting citizens' property and liberty interests by forbidding trespass on posted private lands and damage to private property during the course of hunting.  N.J.A.C. § 7:25-5:23; N.J.S.A. §§ 23:7-1, 23:7-3.

Plaintiff's opposition to Defendant's Motion for Summary Judgment focuses on his contention that Defendant's statement in its briefs that there is no fundamental right to organic farming and its position that use of lead shot is permitted except where explicitly forbidden constitute impermissible rule-making without due process of law.  The Court finds this argument unavailing.  First, this procedural due process argument does not establish that Plaintiff's substantive due process right to engage in the occupation of organic farming has been unreasonably infringed upon.  Second, neither of the actions objected to by Plaintiff constitute an agency action which must be rendered by rule-making.

The Court finds that there is no genuine issue of material fact as to whether Plaintiff's liberty right to pursue the occupation of organic farming has been impermissibly infringed upon.

-4-

Defendant's Motion for Summary Judgment [docket # 122] will be granted.  An order to that effect shall follow this opinion.

/s/ Anne E. Thompson
_____
ANNE E. THOMPSON, U.S.D.J.

DATED:        December 31st, 2009